**SO ORDERED.**

**SIGNED this 07 day of September, 2007.**



*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

OPINION DESIGNATED FOR ON-LINE PUBLICATION AND PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

CHARLES FREDERICK McBRATNEY,

DEBTOR.

CASE NO. 07-20222
CHAPTER 7

**MEMORANDUM OPINION AND ORDER DENYING TRUSTEE'S
OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION**

On June 7, 2007, trial was held on the Chapter 7 Trustee's objections to the Debtor's exemption of a 1971 Pontiac and his homestead, a single family residence which has been converted into a four-plex. Christopher J. Redmond, the Chapter 7 Trustee (hereafter "Trustee"), appeared by Scottie S. Kleypas, of Husch & Eppenberger, LLC. Charles Frederick McBratney, the Debtor (hereafter "Debtor"), appeared in person and by his attorney, James M. Holmberg.

There were no other appearances. The Court has jurisdiction.[1] There is no objection to venue or jurisdiction over the parties.

The Court, after considering the evidence and the arguments of counsel, ruling from the bench, sustained the objection to exemption of the Pontiac. A separate order was subsequently entered.[2] The objection to the homestead was taken under advisement. The Court is now ready to rule, and for the following reasons denies the objection and finds Debtor is entitled to exempt the entire four-plex as his homestead.

**CONTENTIONS OF THE PARTIES.**

Debtor's schedules show that he resides in and owns a four-plex located in Kansas City, Kansas. He claims the entire property as his exempt homestead under K.S.A. 60-2301, even though he resides in one of the units and rents the other three units. Trustee objects to the exemption, asserting the business use of the property is so pervasive and Debtor's personal use so limited that only the single unit occupied by Debtor is entitled to the exemption.

**FINDINGS OF FACT.**

The property owned by Debtor and claimed as his homestead has a street address of 318 North 17th Street, Kansas City, Kansas. It was originally constructed as a single family residence and is on less than one acre of land. Debtor first owned the property in 1973 or 1974.

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Objections to exemptions are core proceedings which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(B).

[2] Doc. 60.

In about 1980, when Debtor's son moved into the property, Debtor sold the property to him. Then, in 1996, Debtor purchased the property from his son.

The building, when initially purchased by Debtor, had already been divided into four units, two on the first floor and two on the second floor. Debtor has lived in unit one, a ground floor unit, continuously since 1996. Until about a year or six months before trial, Debtor's daughter and her family lived rent free in unit two for seven or eight years.

Debtor rents the three units which he does not occupy on a month to month basis. Advertisement is by word of mouth. At the time of trial, one unit was empty. The monthly rents are $400 for unit two, $275 for unit three, and $350 for unit four. Debtor collects the rents himself and requires a $200 deposit. He charges no penalty for late payment. Debtor's Federal income tax returns report the four-plex rental income and expenses, which exceeded the income, on Schedule E, Supplemental Income and Loss.[3]

The two second floor units use a common door and share a hallway. There are separate entrances for the ground floor units. The four-plex is surrounded by a yard which the tenants use only for ingress and egress. The tenants park on the street and do not use the garage. Four furnaces and a laundry area are in the basement. All of the units have the same address. Debtor pays for taxes, refuse removal, water, sewer, and cable access for all units. Each unit has its own gas and electric meter. Debtor maintains the lawn, the exterior of the house, the interiors of the

---

[3] The Court finds the tax returns of little evidentiary value. They were prepared by a third party and include at least two obvious errors. Debtor's residence is listed at his business address, and the question whether debtor or his family had used the four-plex for personal purposes during the tax year was answered "no." Debtor could not explain the reasons for these errors, except to say that he did not personally prepare the returns.

3

units, the heating and cooling systems, and the appliances in each unit, which are owned by Debtor.

Debtor's bankruptcy Schedule A states that the value of the property in $83,500, subject to a secured claim of $63,112. The valuation is the average of two appraisals, one valued the property at $92,000 and the other at $75,000. Debtor uses the rents from the units to pay for utilities and his mortgage payment of $770 per month, which includes insurance and taxes. Without the rental income, Debtor would be unable to make his mortgage payments.

**ANALYSIS AND CONCLUSIONS OF LAW.**

Debtor's entitlement to his homestead exemption is determined exclusively by Kansas law. As permitted by the Bankruptcy Code,[4] Kansas has provided in K.S.A. 60-2312 that, with the exception of exemptions defined in 11 U.S.C. § 522(d)(10), Kansas citizens may not elect Federal bankruptcy exemptions, but are entitled to exemptions allowed under state law.

The Kansas homestead exemption originates in the Kansas Constitution.[5] It was "established for the benefit of the family and society 'to protect the family from destitution, and society from the danger of her citizens becoming paupers.'"[6] "This constitutional right has been zealously guarded and enforced"[7] by the Kansas appellate courts. The constitutional right is

---

[4] 11 U.S.C. § 522(b)(2).

[5] Kan. Const. Art. 15, § 9.

[6] *Redmond v. Kester*, ___ Kan. ___, ___, 159 P.3d 1004, 1007 (2007) (quoting *Morris v. Ward*, 5 Kan. 239, 244, 1869 WL 429 (1869)).

[7] *Id.*, ___ Kan. at ___, 159 P.3d at 1007.

4

codified in K.S.A. 60-2301, which provides in relevant part:

> A homestead to the extent of 160 acres of farming land, or of one acre within the limits of an incorporated town or city, . . . occupied as a residence by the owner or by the family of the owner, or both the owner and family thereof, together with all the improvements on the same, shall be exempted from forced sale under any process of law, . . ..

There are no Kansas appellate cases applying the homestead exemption to a residence, occupied by the owner, that has been subdivided into several apartments. However, there are several cases from the nineteenth century, which have not been overruled or questioned, holding the homestead exemption encompassed the owner's entire interest even though a portion of the improvements was used as a hotel or a boardinghouse. In *Hoffman v. Hill*,[8] the issue was the exemption of a lot adjacent to the lot on which was located a residential building, occupied as a residence by the owner and his family and also used as a hotel and boarding house. The porch of the residential building extended over the property line of the two lots, and out buildings used in conjunction with the residence, hotel, and boardinghouse were located on the adjacent lot. The owner and his family had used the two lots together as a homestead and for hotel and boardinghouse purposes for several years. The court found the two lots exempt and stated:

> . . . [I]t makes no difference that the homestead, or a part thereof, may be used for some other purpose than as a homestead where the whole of it constitutes only one tract of land not exceeding in area the amount permitted to be exempted under the homestead exemption laws, and where the part claimed as not a part of the homestead has not been totally abandoned as a part thereof, by making it, for instance, another person's homestead or a part thereof, or by using it or permitting it to be used in some manner inconsistent with the homestead interest of the husband and wife.[9]

---

[8] *Hoffman v. Hill*, 47 Kan. 611, 28 P. 623 (1892).

[9] *Id.*, 47 Kan. at 612-13, 28 P. at 624.

The Court of Appeals in *Merchants' Nat'l Bank of Kansas City v. Kopplin*,[10] found *Hoffman v. Hill* "directly in point"[11] when holding that a wife could exempt her undivided one-half interest in a 25 room hotel located on four lots on Market Street in Wichita. The property was the dwelling place where she had lived and raised her children for at least nine years.

In *Upton v. Coxen*,[12] the Kansas Supreme Court held that temporary possession of an 80 acre farm, including occupancy of the farm house, by a tenant did not deprive the property of its homestead character. One day before a judgment was filed and while the tenant was still in possession, the owners moved into a temporary home they built on the farm. The court held the entire farm exempt. As to the occupancy of the tenant, the court stated, "The fact that some one else may be temporarily upon the premises, and may be actually using a portion of the same, does not deprive them of the homestead character. The possession of the tenant was temporary, and subordinate to the rights of the owner; and the use which he was making of the land was not inconsistent with the homestead rights of the [owner]."[13]

In *Layson v. Grange*,[14] the court held exempt three lots within a city where the owner and his family resided. Included in the improvements was a building detached from the residence which had formerly been used by the owner as a carpenter shop but had been subdivided into rooms and rented to a family. The owner reserved to himself the use of the basement of the

---

[10] *Merchants' Nat'l Bank of Kansas City v. Kopplin,* 1 Kan. App. 599, 42 P. 263 (1895).

[11] *Id.*, 1 Kan. App. at __, 42 P. at 264.

[12] *Upton v. Coxen,* 60 Kan. 1, 55 P. 284 (1898).

[13] *Id.*, 60 Kan. at 3-4 , 55 P. at 285.

[14] *Layson v. Grange*, 48 Kan. 440, 29 P. 585 (1892)

detached building and use of the land, over which the tenant had only a right of ingress and egress. The court quoted with favor the following from a decision of the Illinois Supreme Court:

> The intention of the legislature in enacting the homestead exemption law was not to save a mere shelter for the debtor and his family, but it was to give him full enjoyment of the whole lot of ground exempted, to be used in whatever way he might think best for the occupancy and support of his family, whether in the way of cultivating it or by the erection of buildings upon it, either for carrying on his own business or for deriving income in the way of rent.[15]

Under Kansas law, use of the property where the owner and his family reside to produce income does not defeat the exemption. As to the exemption of 160 acres of farm property outside a city, it is generally assumed that income will be generated from the use of the land. As to businesses operated on one acre homesteads in an incorporated town or city, the Kansas Supreme Court requires that the business use of the property be "of an incidental character"[16] so that the exemption does not attach "to property used essentially and primarily for commercial purposes and only incidentally as a residence."[17] Accordingly, the owner's occupancy of a building used partly as a dwelling and partly as a retail grocery business does not deprive the property of its homestead character, even though the property was constructed with intent to use

---

[15] *Id.*, 48 Kan. at 442, 29 P. at 586 (quoting *Stevens v. Hollingsworth*, 74 Ill. 202, 1874 WL 9109 *4 (1874)).

[16] *Anderson v. Shannon*, 146 Kan. 704, 711, 73 P.2d 5, 10 (1937).

[17] *Id.*, 146 Kan. at 711-12, 73 P2d at 10.

7

the ground floor for the store and the upper stories for residence.[18]

In this case, occupancy of three units of Debtor's residence by tenants does not deprive the entire property of its homestead character. Debtor has resided in the residence continuously since 1996. For seven or eight of those years, Debtor's daughter and her family resided rent free in unit two. The tenants' interests are temporary. They rent on a month to month basis; Debtor could retain occupancy of the entire structure upon 30 days notice. The tenants do not use the exterior of the property except for ingress and egress. Debtor has not totally abandoned the three rental units, and their use is not inconsistent with Debtor's homestead interest. The conversion of a single family residence into a four-plex is a twenty-first century substitute for the use of a home as a boarding house in the nineteenth century. The Kansas Supreme Court has held that the homestead exemption should not be disallowed on the basis that a portion of the property is used for a rooming house or a hotel.[19] Like the operation of a boarding house, Debtor's renting of three small apartments is a method to supplement income, in this case to earn funds to make mortgage payments and pay taxes. If a 25 room hotel in which the owner and her family reside is exempt,[20] certainly a residence converted into a four-plex, one of which is occupied by the owner, is also exempt.

---

[18] *Rush v. Gordon*, 38 Kan. 535, 16 P. 700 (1888). *See also Iola Wholesale Grocery Co. v. Johnson*, 114 Kan. 89, 216 P. 828 (1923) (holding entire property where debtor resided with his family exempt, even though it included a garage and a store building from which groceries were being sold); and *Bebb v. Crowe*, 39 Kan. 342, 18 P. 223 (1888) (holding that leasing part of a building to another, who carries on a mercantile business in the part leased, does not destroy its homestead character, when the owner reserves the right of using it as a means of going to and from the part used as his home).

[19] *Layson v. Grange*, 48 Kan. at 440, 20 P. at 585; *Hoffman v. Hill, 47 Kan. at 611, 28 P. at 623.*

[20] *See Merchants' Nat'l Bank of Kansas City v. Kopplin*, 1 Kan. App. at 599, 42 P. at 263.

There are two federal court decisions applying the Kansas homestead exemption to side by side residential duplexes where one unit is occupied by the debtor and the other by a tenant. In the first, *Belcher v. Turner*,[21] which is the primary authority relied upon by the Trustee, the Tenth Circuit Court of Appeals found that only the portion of the property occupied by the debtor was an exempt homestead. In the second, *In re McCamby*,[22] which is the primary authority relied upon by the Debtor, Judge Berger of this Court held the entire duplex exempt.

This Court finds the *Belcher* decision distinguishable. The availability of the homestead exemption is determined on a case-by-case basis by careful examination of the unique facts and circumstances presented. *In Belcher*, the duplex units were side by side, and each unit had a separate entrance, garage, and address. The debtors' claim of exemption of the rented unit was based solely upon the fact that it and the unit occupied by the debtors were part of the same physical structure, which the court found not sufficient to claim the exemption.[23] Here Debtor's claim of homestead for the entire property is not based exclusively upon the fact that the three rental units are in the structure where Debtor resides. Debtor maintains the sole right to use the exterior of the property, subject only to the tenant's right to ingress and egress. The tenant's leases are month to month. The fact that Debtor may obtain occupancy of the units on thirty days notice, negates any intent to abandon the rental units as part of the homestead. In the recent past, Debtor's daughter and her family occupied unit two rent free. Debtor maintains both the

---

[21] *Belcher v. Turner*, 579 F.2d 73 (10th Cir. 1978).

[22] *In re McCambry*, 327 B.R. 469 (Bankr. D. Kan. 2005).

[23] *Belcher v. Turner*, 579 F.2d at 75.

9

exterior and interior of the structure, including the appliances in the rental units. He pays the taxes, insurance, and some utilities for the entire property.

. Judge Berger, in *McCambry*, also found that *Belcher* not to be controlling. He reasoned that *Belcher* did not establish a *per se* rule disallowing Kansas residents to claim as exempt an entire duplex as a homestead.[24] Noting the limited basis for the claim of exemption in *Belcher*, Judge Berger found an independent analysis was warranted because there were factors "suggesting the McCambrys retain a greater homestead interest in the entire duplex structure than any simple interest associated with the fact that the two units are part of the same physical structure."[25] Those factors were similar to the circumstances of this case. The McCambrys maintained and used the lawn of the entire duplex, maintained the interior and the exterior of the entire duplex, insured and paid taxes on the entire structure, maintained and had access to personal property located both inside and outside the rented portion, and retained exclusive rights to all the land, subject only to the tenant's right to ingress and egress. The tenant was required to surrender the leased premises upon one month's notice. Based upon these facts, and the decisions of the Kansas appellate courts construing the homestead exemption, Judge Berger held the entire duplex exempt. He concluded:

> Unlike the debtors in *Belcher*, where the essential and single factor raised as justification warranting the claim of exemption was that the two duplex units in question were part of the same physical structure, the McCambrys have demonstrated considerable control and use of the entire duplex structure and the surrounding yard in a manner consistent with their homestead interest. The only portion of the duplex structure and surrounding land which is arguably

---

[24] *Id*., 327 B.R. at 472

[25] *Id.*

10

> inconsistent with the McCambrys' homestead interest is the tenant-occupied portion of the duplex structure, which must be returned for the McCambrys' full use and enjoyment with one month's notice. This Court is therefore unable to conclude from the facts and circumstances of this case that the McCambrys have evidenced an intention to abandon any portion of the entire duplex structure or surrounding land sufficient to destroy their underlying homestead rights. The McCambrys' limited business use of the portion of the duplex structure currently occupied by a tenant is, under the facts and circumstances of this matter, incidental to their homestead interests in the entire duplex structure and surrounding land.[26]

This Court agrees with Judge Berger's analysis of Kansas homestead law in *McCambry*. Many of the facts and circumstances of this case are similar to *McCambry*. Under the facts presented and Kansas homestead law, the difference between a four-plex and a duplex is inconsequential. In this case, as in *McCambry*, under Kansas law, the homestead interest extends to Debtor's entire property, not only the unit of the four-plex where he resides.

**CONCLUSION.**

For the foregoing reasons, the Court holds that all the improvements on the property claimed as Debtor's homestead, including all units of the four-plex, are exempt. The Kansas appellate courts have construed the homestead exemption liberally, and the facts of this case place the four-plex squarely within the exemption. The Debtor maintains sufficient possession of the entire property for his use, and the business use of the property is only incidental. The Trustee's objection is denied.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal

---

[26] *Id.* at 476.

Rules of Civil Procedure applicable to this matter. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###